

# Fourth Court of Appeals
## San Antonio, Texas

September 28, 2015

No. 04-15-00150-CR

Billy **BENAVIDEZ,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. 09-CRD-122
Honorable J. Manuel Banales, Judge Presiding

# O R D E R

On July 22, 2015, we explained that appellant's brief violated Texas Rules of Appellate Procedure 9 and 39. We ordered appellant to file an amended brief by August 6, 2015, explaining that if appellant failed to file an amended brief we would strike the brief. Appellant did not file an amended brief. Instead, on August 6, 2015, appellant's retained counsel filed a motion to dismiss this appeal pursuant to Texas Rule of Appellate Procedure 42.2. However, the motion was not signed by the appellant as required by Rule 42.2. *See* TEX. R. APP. P. 42.2(a) ("The appellant and his or her attorney must sign the written motion to dismiss and file it in duplicate with the appellate clerk ...."). On four occasions since, appellant's attorney has informed this court that he was going to file an amended motion to dismiss in conformity with Rule 42.2(a). No such motion has been filed.

We therefore DENY appellant's motion to dismiss and STRIKE appellant's brief. Pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), we abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent?

(a) If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(b) If the trial court finds that appellant is not indigent, the trial court should determine whether appellant has made the necessary arrangements for filing a brief.

(3) Has appointed or retained counsel abandoned the appeal? <u>Because initiating contempt proceedings against appellant's counsel may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.</u> *See* TEX. R. APP. P. 38.8 (b)(4).

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from appellant. The trial court shall, however, order appellant's counsel to be present at the hearing.

We ORDER the trial court to file its written findings of fact and conclusions of law with the trial court clerk no later than thirty days from the date of this order. We ORDER the trial court clerk to file a supplemental clerk's record in this court no later than ten days after the trial court files its findings of facts and conclusions of law. We further ORDER the court reporter to file in this court a supplemental reporter's record of the hearing, along with copies of any documentary evidence admitted, no later than twenty days after the date of the hearing.

All appellate deadlines are ABATED pending further orders from this court.


_____
Karen Angelini, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of September, 2015.

_____
Keith E. Hottle
Clerk of